### G. V. Morris *v.* Rail M. Jones, etc.

**Equity—Application of Money Collected.**

The facts were held to authorize the chancellor to interfere with the application of money collected on notes to the payment of a judgment.

APPEAL FROM ROWAN CIRCUIT COURT.

January 29, 1873.

Opinion by Judge Pryor:

The original petition presented no cause of action for the reason that payment is alleged to have been made prior to the institution of the action by Morris on the note in controversy.

The amended petition, however, alleges payment after the rendition of the judgment on this note, and if subsequently paid the chancellor had jurisdiction to prevent its collection by execution. The agreement between the parties by which Morris undertook to collect and apply the notes on Evans to the payment of the notes assigned by Cord to him on the appellee, being in writing, precludes the appellant from relying upon the statute of limitations as a bar to the appellees' right to enforce its terms. At the time the appellant instituted suit on the note the appellee had no right to plead this agreement as a set-off or counterclaim, as by its terms the Evans notes were not to be applied to the payment of the note sued on by Morris until collected. This collection was made after the judgment and was afterwards paid to the appellant as he admits by his failure to respond to the allegations of the amended petition

of the appellees in which these facts are specifically alleged. When appellant received the money, it was a payment of the judgment on the note assigned him by Cord. It was right and proper for the chancellor to interfere. The judgment is *affirmed*.

*Clark, Cord, for appellant.*

*Hargis, for appellees.*